UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEROY GAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2872 CAS |
| | ) |
| MEGAN J. BRENNAN, POSTMASTER | ) |
| GENERAL, UNITED POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Megan J. Brennan's, Postmaster General, United States Postal Service, ("Defendant") Partial Motion to Dismiss. (Doc. 3). Pro se Plaintiff Leroy Gage ("Plaintiff") filed a response opposing the motion, and Defendant filed a reply. Without requesting leave of Court, Plaintiff also filed a surresponse to Defendant's reply. The motion is fully briefed and ripe for review. For the following reasons the Court will dismiss Plaintiff's claims of discrimination in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964.

### I. BACKGROUND

On December 13, 2017, Plaintiff filed a pro se lawsuit against Megan Brennan, Postmaster General of the United States Postal Service, using the Court's pre-printed Employment Discrimination Complaint form. (Doc. 1). Plaintiff checked the boxes indicating that he brought a lawsuit pursuant to Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the

Rehabilitation Act. (Id. at 1-2). Plaintiff also checked the box for "Other" and wrote "retaliation + sex." (Id. at 2).

In an attached six-page Supplemental Complaint, Plaintiff alleged that he experiences complications from "multiple conditions including diabetes; hypertension; arthritis; and back, knee, and hip injuries." (Doc. 1-1 at 2 ¶7). In November 2005, Plaintiff suffered an on-the-job injury and received workers compensation benefits from the Office of Workers' Compensation Programs. (Doc. 1-1 at 2 ¶7; Doc. 1-2 at 1). In February or March 2008, Plaintiff completed a Fitness for Duty examination from which the assigned doctor determined that Plaintiff was capable of working in a light duty status with restrictions of no more than two hours of standing and walking, intermittent driving and climbing, and lifting no more than 10 pounds. (Doc. 1-1 at 2 ¶11; Doc. 1-2 at 2). Plaintiff's conditions were determined to be permanent in nature. (Id.). Plaintiff alleged that Defendant ignored the doctors' recommended limitations and failed to refer him to the Reasonable Accommodation Committee. (Doc. 1-1 at 2 ¶11). On May 29, 2008 Plaintiff was involuntarily reassigned to an identical position with identical work assignments and responsibilities. (Doc. 1-1 at 2 ¶9).

Plaintiff alleges that he performed his Carrier Technician duties and responsibilities in a competent and satisfactory manner, and that he was involuntarily reassigned from that position to "several unassigned Full-Time Carrier Technician, under the same occupation code, position type, and with corresponding pay." (Doc. 1-1 at 4 ¶14). Plaintiff further alleges that he reported to work on time every day and, after completing one hour of work, Defendant would direct Plaintiff to "end his tour of duty." (Doc. 1-1 at ¶15). From 2010 to 2015, this schedule resulted in a loss of monetary pay and benefits. (Id.).

On November 28, 2011, Plaintiff filed a formal complaint with the United States Postal Service ("USPS"), alleging that the USPS:

discriminated against him on the bases of sex (male), disability, age (68),[1] and in reprisal for prior protected [Equal Employment Opportunity ("EEO")] activity when:

1. In July 2010, he was involuntarily furloughed from his position as a letter carrier technician and never given a written or verbal reason for the furlough; and

2. On May 30, 2011, he was involuntarily reassigned to an unassigned regular carrier position, forced into a light duty status, and placed in a non-pay nonduty status.

(EEOC Decision, Doc. 1-2 at 3). In a Final Agency Decision, the USPS assumed arguendo that Plaintiff had established a prima facie case of discrimination and reprisal, but found that USPS management had articulated legitimate, nondiscriminatory reasons for its actions. (Doc. 1-2 at 3). The USPS concluded that Plaintiff had not been subjected to discrimination or reprisal and Plaintiff appealed that decision to the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-2 at 4). The EEOC affirmed the USPS Final Agency Decision, and Plaintiff filed a request for reconsideration, which was denied. (Doc. 5 at 8). Plaintiff then filed the present action on December 13, 2017.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant now moves to dismiss several of Plaintiff's claims. (Doc. 3). Defendant argues that Plaintiff may not bring a claim under the ADA against it because it is a federal employer and not subject to the ADA. Defendant further argues that Plaintiff's allegations are insufficient to state claims of age, sex, race, and retaliation discrimination pursuant to the ADEA and Title VII. Defendant affirmatively states it is not challenging Plaintiff's claim for failure to accommodate under the Rehabilitation Act. The Court interprets Defendant's disclaimer to also exclude any challenge to a retaliation claim under the Rehabilitation Act.

---

[1] Plaintiff stated that he was born in 1942, making him 76 years old as of the date of this Order. (Doc. 1-1 at 5 ¶20).

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

With respect to claims of employment discrimination, "[a]n employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim." See Swierkiewicz v. Sorema, 534 U.S. 506, 510-12 (2002). The elements of a prima facie case are relevant to a plausibility determination, however. Blomker v. Jewell, 831 F.3d 1051, 1056 (8th Cir. 2016); see also Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) (elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim").

---

[2] In his surresponse, Plaintiff cites an EEOC Decision for the proposition that "a complaint is subject to dismissal for failure to state a claim only where 'it appears beyond a doubt that the complainant can prove no set of facts in support of the claim that would entitle the complainant to relief.'" (Doc. 13 at 2). Plaintiff's quoted language is from the Supreme Court's decision in Conley v. Gibson, which has since been replaced by the Supreme Court's decisions in Twombly and Iqbal. In evaluating Plaintiff's Complaint, the Court has applied the proper standards articulated in Twombly and Iqbal.

On a motion to dismiss, this Court must take the allegations of the complaint as true, and liberally construe the complaint in a light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Pro se pleadings are "'held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoted case omitted). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) ("[W]e will not supply additional facts, nor will we construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded.") (quoted case omitted). Further, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

At the motion to dismiss stage, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, Plaintiff has attached the EEOC's Decision to his Complaint, which the Court will consider in ruling on Defendant's Motion to Dismiss. (Doc. 1-2).

### III. DISCUSSION

#### a. The Americans with Disabilities Act Does Not Permit a Cause of Action Against the Federal Government

Defendant argues that ADA claims are not available against the federal government. (Doc. 4 at 5-6). Plaintiff did not address Defendant's argument in his response or surresponse, and Defendant is correct.

The ADA does not provide Plaintiff with a cause of action for employment discrimination against the federal government. 42 U.S.C. § 12111(5)(B); Carroll v. Potter, 163

On a motion to dismiss, this Court must take the allegations of the complaint as true, and liberally construe the complaint in a light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Pro se pleadings are "'held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoted case omitted). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) ("[W]e will not supply additional facts, nor will we construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded.") (quoted case omitted). Further, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

At the motion to dismiss stage, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, Plaintiff has attached the EEOC's Decision to his Complaint, which the Court will consider in ruling on Defendant's Motion to Dismiss. (Doc. 1-2).

### III. DISCUSSION

#### a. The Americans with Disabilities Act Does Not Permit a Cause of Action Against the Federal Government

Defendant argues that ADA claims are not available against the federal government. (Doc. 4 at 5-6). Plaintiff did not address Defendant's argument in his response or surresponse, and Defendant is correct.

The ADA does not provide Plaintiff with a cause of action for employment discrimination against the federal government. 42 U.S.C. § 12111(5)(B); Carroll v. Potter, 163

On a motion to dismiss, this Court must take the allegations of the complaint as true, and liberally construe the complaint in a light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Pro se pleadings are "'held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoted case omitted). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) ("[W]e will not supply additional facts, nor will we construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded.") (quoted case omitted). Further, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678.

At the motion to dismiss stage, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, Plaintiff has attached the EEOC's Decision to his Complaint, which the Court will consider in ruling on Defendant's Motion to Dismiss. (Doc. 1-2).

### III. DISCUSSION

#### a. The Americans with Disabilities Act Does Not Permit a Cause of Action Against the Federal Government

Defendant argues that ADA claims are not available against the federal government. (Doc. 4 at 5-6). Plaintiff did not address Defendant's argument in his response or surresponse, and Defendant is correct.

The ADA does not provide Plaintiff with a cause of action for employment discrimination against the federal government. 42 U.S.C. § 12111(5)(B); Carroll v. Potter, 163

F. App'x 450 (8th Cir. 2006) (per curiam). 42 U.S.C. § 12111(5)(B) provides that "[t]he term 'employer' does not include . . . (i) the United States." Because the ADA specifically exempts the federal government from claims made under the ADA, the Court must dismiss Plaintiff's ADA claim.

### b. Plaintiff Fails to State a Claim for Age Discrimination under the ADEA

The ADEA's federal-sector provision makes it unlawful for an employer to discriminate because of an employee's age. 29 U.S.C. § 633a(a). To establish a prima facie case of age discrimination under the ADEA, Plaintiff must show that: (1) he was at least 40 years old; (2) he suffered an adverse employment action; (3) he was performing his job at a level that met his employer's legitimate expectations at the time; and (4) he was replaced by a substantially younger person. Haigh v. Gelita USA, Inc., 632 F.3d 464, 468 (8th Cir. 2011). Discrimination under the ADEA requires that "age was the 'but-for' cause of the employer's adverse decision." Gross v. FBL Fin. Servs., 557 U.S. 167, 176 (2009) (citing Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 653-54 (2008); Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 63-64 (2007)).

Plaintiff checked the ADEA box on the Court's pre-printed Employment Discrimination Complaint form. Defendant argues that other than checking this box, Plaintiff has only alleged his age and has failed to allege any other facts in support of an ADEA claim. (Doc. 4 at 5). In response, Plaintiff states only that he "appeal[s] from that final agency decision concerning my complaint of . . . age discrimination (DOB: XX/XX/1942) in violation of the Age Discrimination in Employment Act," (Doc. 10 at 4), and that he "asserts a claim of disparate treatment on the basis of age discrimination (over 40)." (Id. at 5).

The Court concludes that Plaintiff's complaint does not sufficiently state a plausible claim for relief that he was discriminated against on the basis of age. The only allegations in the

Complaint that relate to Plaintiff's claim of age discrimination are (1) his date of birth, which indicates that he is over forty, and (2) the EEOC Decision which states that he alleged age discrimination. (Doc. 1-2 at 3). Plaintiff has not alleged any facts to support an inference that he suffered an adverse employment action because of his age. Gross, 557 U.S. at 176. Furthermore, Plaintiff has not alleged that he was replaced by someone substantially younger.

Even when liberally construed, Plaintiff's claim under the ADEA is entirely conclusory and his Complaint provides no supporting facts for a plausible claim of discrimination under the ADEA. Therefore, the Court will dismiss Plaintiff's discrimination claims under the ADEA.

### c. Plaintiff Fails to State a Claim for Race or Sex Discrimination Under Title VII.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, prohibits discrimination in the federal sector on the basis of race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-16(a). To establish a prima facie case of race or sex discrimination, Plaintiff must show that (1) he is a member of a protected class, (2) he was meeting his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination (for example, that similarly situated employees outside the protected class were treated differently). See Fiero v. CSG Sys., Inc., 759 F.3d 874, 878 (8th Cir. 2014) (sex discrimination); Gibson v. American Greetings Corp., 670 F.3d 844, 853-54 (8th Cir. 2012) (race discrimination). As stated above, it is not necessary for an employment discrimination plaintiff to plead the elements of the prima facie case to withstand a motion to dismiss for failure to state a claim, but some facts are necessary to establish the existence of a plausible claim. Erickson, 551 U.S. at 93.

By checking the box on the Court's pre-printed Employment Discrimination Complaint form, Plaintiff alleged employment discrimination based on Title VII. Plaintiff's Complaint contains no reference to his color, religion, or national origin and, in the absence of any reference

to these, the Court interprets the Plaintiff's Complaint to be directed to discrimination based on sex and race only. In paragraph 11 of the pre-printed form, Plaintiff wrote in "sex" as a basis for his employment discrimination. (Doc. 1 at 5). In numbered paragraph 20 of his Supplemental Complaint, Plaintiff states that "Defendant's conducts were in violation of federal law prohibiting race, sex discrimination . . . ." (Doc. 1-1 at 5 ¶20). Additionally, the EEOC Decision attached to Plaintiff's Complaint states that Plaintiff alleged the USPS "discriminated against him on the bas[is] of sex (male)." (Doc. 1-2 at 3).

Defendant argues that Plaintiff fails to set forth a plausible claim of sex or race discrimination because he fails to reference his sex or race, that he suffered an adverse employment action as a result of his sex or race, or that similarly situated employees of another sex or race received more favorable treatment. (Doc. 4 at 4). In his response Plaintiff alleges that he was "discriminated against because of his individually [sic] claim of race (Black) and sex (Male) . . . ," however, Plaintiff does not identify any additional pleaded facts concerning these allegations of discrimination. (Doc. 10 at 3).

### i. Plaintiff Fails to State a Claim for Race Discrimination Under Title VII

The Court concludes that Plaintiff's Complaint does not sufficiently state a plausible claim for relief that he was discriminated against on the basis of race. Specifically, the Court finds Plaintiff's allegations deficient with respect to the first and fourth elements of a Title VII race discrimination claim.

With respect to the first element, Plaintiff did not state his race, "Black," until his response to Defendant's Motion to Dismiss and, therefore, did not plead that he is a member of a protected class. (Doc. 10 at 3). The Complaint, Supplemental Complaint, and EEOC Decision contain no reference to Plaintiff's race. A plaintiff cannot add factual allegations to the complaint by raising them in his response to a motion to dismiss. Morgan Distrib. Co. v.

Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, . . . simply by raising a point in a brief.") (internal citations omitted).

As to the second element, Plaintiff has sufficiently alleged that he was meeting his employer's legitimate job expectations. Plaintiff alleged that he "performed his Carrier Technician duties and responsibilities and any other assigned duties in a competent and satisfactory manner." (Doc. 1-1 at 4 ¶14). When viewed in the light most favorable to the Plaintiff, these allegations are sufficient.

With respect to the third element, Plaintiff sufficiently alleged an adverse employment action, as summarized in the EEOC Decision, which states that Plaintiff alleged he was subject to "reprisal for prior protected EEO activity when: (1) [i]n July 2010, he was involuntarily furloughed form his position as a letter carrier technician . . . ; and (2) [o]n May 30, 2011, he was involuntarily reassigned to an unassigned regular carrier position, forced into light duty status, and placed in a non-pay, nonduty status." (Doc. 1-2 at 3). Plaintiff alleged that this action resulted in a "tremendous loss of monetary pay and benefits" from "2010 to 2015." (Doc. 1-1 at 4 ¶15). "Termination, cuts in pay or benefits, and changes that affect an employee's future career prospects are significant enough to meet the standard." Kerns v. Capital Graphics, Inc., 178 F.3d 1011, 1016-17 (8th Cir. 1999).

As to the fourth element, even if the Court were to assume that Plaintiff sufficiently pleaded he was a member of a protected class, Plaintiff has completely failed to allege any facts or circumstances that give rise to an inference of discrimination based on his race. For instance, Plaintiff has not alleged that similarly situated employees of another race received different

treatment. See Gibson, 670 F.3d at 853-54. Because Plaintiff failed to allege sufficient facts to support his Title VII claim based on racial discrimination, the Court will dismiss this claim.

### ii. Plaintiff Fails to State a Claim for Sex Discrimination Under Title VII

The Court concludes that Plaintiff's Complaint also does not sufficiently state a plausible claim for relief that he was discriminated against on the basis of sex. Similar to his claim for race discrimination, Plaintiff has provided little to no factual support for his allegations of discrimination based on sex.

With respect to the first element, Plaintiff has sufficiently alleged that he is a member of a protected class. The EEOC Decision attached to the Complaint indicates that Plaintiff alleged he was discriminated against on the basis of "sex (male)." (Doc. 1-2 at 3). The Court's conclusion that Plaintiff pled facts sufficient to support elements two and three for his claim of race discrimination is the same for his claim of discrimination based on sex.

With respect to the fourth element, Plaintiff has failed to plead facts sufficient to support an inference of discrimination based on sex. Plaintiff's Complaint contains no facts supporting an inference that Defendant discriminated against the Plaintiff based on his sex. The EEOC Decision states that "[Plaintiff] contends that he has been treated differently than those outside of his protected class." (Doc. 1-2 at 4). However, this is nothing more than a "threadbare recital" of an element of a cause of action for discrimination under Title VII, and the Court therefore disregards it. See Iqbal, 556 U.S. at 678; McDonough v. Anoka Cnty., 799 F.3d 931, 946 (8th Cir. 2015).

In addition, the EEOC Decision states that the EEOC found "no evidence that [Plaintiff's] protected classes were a factor in any of the [USPS's] actions. [Plaintiff's] subjective belief that the management actions at issue were the result of discrimination or reprisal is insufficient to prove pretext." (Doc. 1-2 at 5). Plaintiff has not provided any facts

describing "those outside of his protected class" or how "he has been treated differently," let alone alleged even a single exemplary incident of disparate treatment. Without at least some additional facts, Plaintiff's claim is not plausible under the Twombly/Iqbal standard. Therefore, the Court will dismiss Plaintiff's discrimination claims under Title VII based on sex.

### d. Plaintiff Fails to State a Claim for Retaliation Discrimination

Defendant also moves to dismiss Plaintiff's claims for retaliation discrimination. To establish a prima facie retaliation claim under Title VII or the ADEA, Plaintiff must show: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) the protected conduct was the but-for cause of the adverse action. Bennett v. Riceland Foods, Inc., 721 F.3d 546, 551 (8th Cir. 2013) (citing Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2534 (2013)) (Title VII); Gross, 557 U.S. at 176; Porter v. City of Lake Lotawana, 651 F.3d 894, 898 (8th Cir. 2011) (ADEA).

Defendant argues Plaintiff did not allege that he opposed an unlawful employment practice by the USPS, that he otherwise engaged in a protected activity, or that he suffered an adverse employment action because of his opposition to unlawful employment practice. (Doc. 4 at 3-4). Defendant further argues that not only did Plaintiff fail to allege any conduct that could be construed as retaliation, but Plaintiff did not even use the words "retaliation" or "retaliate" in the body of his Complaint.[3] (Id.). In his response, Plaintiff states only, "I, Plaintiff contends . . . Retaliation (reprisal for engaging in prior EEO activity under Title VII . . ." (Doc. 10 at 4).

As to the first element, Plaintiff did not allege that he engaged in a protected activity in his Complaint, but the EEOC Decision attached to the Complaint states that "Plaintiff filed a formal complaint alleging . . . reprisal for prior protected EEO activity." (Doc. 1-2 at 3). A

---

[3]The Court notes that Plaintiff wrote the word "retaliation" on pages 2 and 5 of the pre-printed Complaint form, and alleged in paragraph 20 of the Supplemental Complaint that Defendant's conduct was in violation of "42 U.S.C. section 2000-e-3(a) (Retaliation)."

"protected activity" can be either opposing an act of discrimination made unlawful by statute, or making a charge, testifying, assisting, or participating in an investigation thereunder. See Davis v. Jefferson Hosp. Ass'n, 685 F.3d 678, 684 (8th Cir. 2012). The EEOC Decision reflects that Plaintiff had engaged in prior EEO activity. (Doc. 1-2 at 3). The Court is satisfied that Plaintiff has adequately alleged the first element of his retaliation claim.

As to the second element, when viewed in the light most favorable to Plaintiff and taking into account Plaintiff's pro se status, Plaintiff has sufficiently alleged an adverse employment action. Plaintiff alleges adverse employment action in his Supplemental Complaint, and the EEOC Decision specifies that Plaintiff alleged he was subject to "reprisal for prior protected EEO activity when: (1) [i]n July 2010, he was involuntarily furloughed from his position as a letter carrier technician . . . ; and (2) [o]n May 30, 2011, he was involuntarily reassigned to an unassigned regular carrier position, forced into light duty status, and placed in a non-pay, nonduty status." (Doc. 1-2 at 3). Plaintiff alleged that this action resulted in a "tremendous loss of monetary pay and benefits" from 2010 to 2015." (Doc.1-1 at 4 ¶15).

To constitute an adverse employment action, the complained of action must be "materially adverse, which in th[e] context [of a retaliation claim] means that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006) (citation and internal quotation marks omitted). Here, Plaintiff alleges he was furloughed from his position, placed in another position with "light duty," and then placed in a non-pay, nonduty status. The Court concludes Plaintiff alleges sufficient facts to support a claim that such action might have dissuaded a reasonable worker from making a charge of discrimination.

As to the third and final element, however, Plaintiff has failed to allege any facts to establish a plausible claim that his prior EEO activity based on sex, race, or age was the "but-

for" cause of the alleged adverse employment action. As previously stated, neither the Complaint nor the Supplemental Complaint contains any factual allegations concerning retaliation, other than the mere use of the word "retaliation." While the EEOC Decision mentions that Plaintiff alleged he suffered adverse employment actions in 2010 and 2011 in part based on "reprisal for prior protected EEO activity," it is completely devoid of any factual allegations that could support an inference that Plaintiff's unspecified EEO activity was the but-for cause of the adverse employment actions. In the complete absence of any factual allegations to support an inference of retaliatory intent, Plaintiff's retaliation claim under Title VII and the ADEA is not plausible and Defendant's motion to dismiss will be granted.

IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Partial Motion to Dismiss Plaintiff's Complaint for failure to state a claim as to Plaintiff's claims of discrimination in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964.

The Court will deny as moot, without prejudice, Plaintiff's outstanding Motion for Waiver of the 90 Day Time Frame. (Doc. 2). Defendant has not contested the timeliness of Plaintiff's Complaint in the present motion.[4] Further, Defendant did not file a response to Plaintiff's motion and the time do so has passed.

Remaining for decision are Plaintiff's claims under the Rehabilitation Act, including retaliation thereunder.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's partial motion to dismiss Plaintiff's Complaint for failure to state a claim as to Plaintiff's claims of discrimination in violation of the

---

[4]The Court notes that Defendant's Answer asserts in its Eleventh Affirmative Defense that Plaintiff did not timely file this lawsuit. (Doc. 5 at 8).

Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964 is **GRANTED**.  [Doc. 3].

       **IT IS FURTHER ORDERED** that Plaintiff's Motion for Waiver of the 90 Day Time Frame is **DENIED as moot, without prejudice.**  [Doc. 2].

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of June, 2018.