# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEROY GAGE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:17-CV-2872 CAS<br>) |
| MEGAN J. BRENNAN, POSTMASTER<br>GENERAL, UNITED POSTAL SERVICE, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Leroy Gage's ("Plaintiff") Motion for Relief from Judgment or Order. (Doc. 17). Defendant Megan J. Brennan, Postmaster General, United States Postal Service ("Defendant") has not filed a response. For the following reasons the Court will deny Plaintiff's motion.

### I.    BACKGROUND

On June 25, 2018, the Court granted Defendant's partial motion to dismiss Plaintiff's Complaint for failure to state a claim as to Plaintiff's claims of discrimination in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964. (Docs. 14 and 15). In dismissing Plaintiff's claim under the Americans with Disabilities Act ("ADA"), the Court explained that the ADA does not permit a cause of action for employment discrimination against the federal government. (Doc. 14 at 5-6). With respect to Plaintiff's claims under the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964, the Court found that the Plaintiff had failed to allege sufficient facts to support his claims. (Doc. 14 at 6-13).

On July 20, 2018 Plaintiff filed the instant "Motion for Relief from Judgment or Order" requesting this Court to reconsider its June 25, 2018 Order.

II. DISCUSSION

Plaintiff has not referenced a procedural basis for his motion. The Court construes Plaintiff's motion, which is directed to a non-final order, as a motion under Rule 60(b). See Nelson v. American Home Assur. Co., 702 F.3d 1038, 1043 (8th Cir. 2012). Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

Rule 60(b) relieves a party from a final judgment or order on one of six specified grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's motion fails to assert any appropriate grounds for relief under Rule 60(b), either explicitly or implicitly. Primarily, Plaintiff reasserts his original arguments. In fact, the majority of Plaintiff's motion is copied from his response to Defendant's Motion to Dismiss under Rule 12(b)(6). (Compare Doc. 10 with Doc. 17). This is not the purpose of Rule 60(b). Broadway, 193 F.3d at 990 (Rule 60(b) "is not a vehicle for simple re-argument on the merits."). Here, Plaintiff has not described any exceptional circumstances that warrant reconsideration under Rule 60(b).

Plaintiff raises one new argument to support his contention that the ADA provides federal employees with a cause of action against the Federal Government. Plaintiff argues the Postal Service Handbook states that the ADA "do[es] in fact cover [post office] employees." (Doc. 17 at 2). However, Plaintiff misunderstands the Postal Service Handbook. Exhibit 1 to Plaintiff's motion is a print out from the USPS' Postal Service Handbook discussing the Rehabilitation Act. (Doc. 17-1). Page 3 of Exhibit 1 states in pertinent part, "The Americans with Disabilities Act of 1990, as amended (ADA) covers non-federal employers, but the Rehabilitation Act incorporates broadly the ADA's substantive provisions and applies them to the Federal workforce, including Postal Service employees and applicants." (Id. (emphasis added)). The United States Postal Service is a federal employer whose employees are not covered by the ADA, but are covered by the Rehabilitation Act. Plaintiff's claims under the Rehabilitation Act remain pending in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment or Order is **DENIED**.  [Doc. 17].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of October, 2018.