# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

LEROY GAGE,  )
 )
      Plaintiff, )
 ) No. 4:17-CV-2872 CAS
v. )
 )
MEGAN BRENNAN, POSTMASTER )
GENERAL, UNITED STATES POSTAL )
SERVICE, )
 )
      Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion for summary judgment filed by defendant Megan Brennan, Postmaster General, United States Postal Service. Pro se plaintiff Leroy Gage has not filed an opposition and the time to do so has passed. Plaintiff did file a "statement of responses to uncontroverted material facts" with unlabeled exhibits. (Doc. 42) For the following reasons, the motion will be granted.

### *I. Background*

On December 13, 2017, plaintiff, a former employee of the United States Postal Service ("USPS"), filed this pro se lawsuit against defendant Megan Brennan, Postmaster General of the United States Postal Service, using the Court's pre-printed Employment Discrimination Complaint Form. (Doc. 1). Plaintiff alleges he was discriminated against from "2008 to the present" and checked the boxes indicating he brought the action pursuant to Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.; the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.;

and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. ("Rehabilitation Act"). Plaintiff also checked the box for "Other" and wrote "retaliation + sex." Id.

In an attached six-page Supplemental Complaint, plaintiff alleges he experiences complications from "multiple conditions including diabetes; hypertension; arthritis; and back, knee, and hip injuries[,]" but performed his duties and responsibilities for the USPS in a competent and satisfactory manner. (Doc. 1-1 ¶¶ 7, 14). Plaintiff states he was involuntarily reassigned from City Carrier Technician to "several unassigned Full-Time Carrier Technician, under the same occupation code, position type, and with corresponding pay." Id. at ¶ 14. Plaintiff further alleges he reported to work on time every day and, after one hour of work, defendant would direct him to "end his tour of duty." Id. at ¶ 15. Plaintiff alleges he was not provided with reasonable accommodations for his medical conditions although he "did not request a reasonable accommodation." Id. at ¶ 19.

On February 16, 2018, defendant filed a partial motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. 3). On June 25, 2018, the Court granted defendant's motion and dismissed plaintiff's Title VII, ADA, and ADEA claims. (Docs. 14 and 15). Thus, the only remaining claims in this action are under the Rehabilitation Act, including retaliation.

Defendant now moves for summary judgment, arguing plaintiff's claims under the Rehabilitation Act are barred by the doctrine of res judicata because this Court has already addressed and dismissed plaintiff's discrimination and retaliation claims in Gage v. Potter, No. 4:09-CV-52 CEJ, 2009 WL 5220159 (E.D. Mo. Dec. 31, 2009) ("Potter I").[1] In the alternative, defendant argues

---

[1]This is the third lawsuit plaintiff has filed against the USPS alleging disability discrimination and retaliation. See also Gage v. Potter, No. 4:06-CV-1587 FRB, 2008 WL 4332202 (E.D. Mo. Sept. 17, 2018).

2

that plaintiff's remaining claims fail on their merits because plaintiff is not a qualified individual, did not suffer an adverse employment action, and was not denied a reasonable accommodation.

## II. *Legal Standard*

As a threshold matter, pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). This means "that if the essence of an allegation is discernible ... then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) (quoted case omitted). The Court will not, however, supply additional facts or construct a legal theory for a pro se plaintiff that assumes facts that have not been pleaded. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. See Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

### III. Facts

Plaintiff began his employment with the USPS as a City Carrier Technician in December 1993 until his voluntary retirement on June 30, 2018. As per the USPS's official job description, a City Carrier Technician is responsible for delivering and collecting mail on foot or by vehicle under varying road and weather conditions in a prescribed area. The physical requirements for the position include the ability to engage in prolonged standing, walking, bending, and reaching.

On March 5, 2008, plaintiff completed a Fitness for Duty examination from which the assigned doctor determined plaintiff was capable of working in a light duty status with restrictions of no more than two hours of standing and walking, intermittent driving and climbing, and lifting

4

no more than 10 pounds. Plaintiff's conditions were determined to be permanent in nature. In May 2008, plaintiff's duty assignment was changed from City Carrier Technician to Unassigned Regular City Carrier Technician. Plaintiff's pay and duties remained the same; however, his hours were reduced to one or two per day because his medical restrictions prevented him from delivering mail.

In correspondence with the president of his local union, plaintiff was informed he could submit a written request to the USPS to place him on light-duty assignments. Plaintiff refused to make such a request because he believed he did not need light duty work despite the medical opinions reflected in his Fitness for Duty examination.

On January 9, 2009, plaintiff filed an action in this Court against defendant, in which he brought employment discrimination and retaliation claims under the ADA, ADEA, Title VII, and Rehabilitation Act. See Potter I, 2009 WL 5220159 (E.D. Mo. Dec. 31, 2009). The case was decided on its merits and summary judgment was entered in favor of defendant.

After the adjudication of Potter I, plaintiff continued to file grievances against the USPS with his union. On February 17, 2010 and July 20, 2010, plaintiff received notifications from his union representative addressing plaintiff's grievances with being sent home early by USPS management. Both notifications informed plaintiff that the union could not force defendant to provide additional hours until he submitted a formal request for light duty. In March 2010, plaintiff was reassigned from Unassigned Regular City Carrier Technician to a No-Bidder Carrier Technician. Plaintiff's pay and duties remained the same.

On April 19, 2011, in response to over 150 total grievances submitted by plaintiff, the union president sent plaintiff a letter explaining that the union would be unable to assist him until he updated his March 2008 Fitness for Duty examination to evidence that he could perform the full

duties of a mail carrier or, if his medical restrictions have not changed, proof he formally requested light-duty work.

On October 3, 2011, plaintiff's doctor completed a Duty Status Report, which indicated restrictions of no more than two hours sitting, fifteen minutes of standing, and thirty minutes of walking. On October 21, 2011, plaintiff submitted an "involuntary" request for light duty. This request was denied on October 24, 2011 because there were no light-duty job assignments conforming to plaintiff's physician-imposed restrictions other than the one to two hours of office work plaintiff was already performing each day.

In his deposition, plaintiff admits there is little office work available to letter carriers as the majority of their work is the delivery of mail on the street. Plaintiff concedes he is unable to sort the mail within the USPS mandated time of 18 letters per minute and he did not request reassignment to a position other than Mail Carrier Technician. In fact, plaintiff testified that he was unaware of any other positions he could have performed with his medical restrictions.

On November 28, 2011, Plaintiff filed a formal complaint with the USPS, alleging that it:

> discriminated against him on the bases of sex (male), disability, age (68) and in reprisal for prior protected [Equal Employment Opportunity ("EEO") ] activity when:
>
> 1. In July 2010, he was involuntarily furloughed from his position as a letter carrier technician and never given a written or verbal reason for the furlough; and
>
> 2. On May 30, 2011, he was involuntarily reassigned to an unassigned regular carrier position, forced into a light duty status, and placed in a non-pay nonduty status.

(EEOC Decision, Doc. 1–2 at 3). In a Final Agency Decision, the USPS assumed for purposes of argument that plaintiff had established a prima facie case of discrimination and reprisal, but found that USPS management had articulated legitimate, nondiscriminatory reasons for its actions. (Doc. 1-2 at 3). The USPS concluded plaintiff had not been subjected to discrimination or reprisal, and

plaintiff appealed that decision to the Equal Employment Opportunity Commission ("EEOC"). (Doc. 1-2 at 4). The EEOC affirmed the USPS Final Agency Decision, and plaintiff filed a request for reconsideration, which was denied. (Doc. 5 at 8).

As to the July 2010 and May 30, 2011 dates cited in the formal USPS complaint, filed November 28, 2011, plaintiff clarified in his deposition that nothing new occurred on these dates and confirmed he was challenging the same conduct of defendant that had been occurring since 2008.

*IV. Discussion*

Defendant argues that the instant action is barred by the doctrine of res judicata due to the judgment previously issued in Potter I. The principle behind the doctrine of res judicata is to prevent "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990). The general rule is that res judicata, or claim preclusion, "does not apply to claims that did not arise until *after* the first suit was filed." Baker Grp., L.C. v. Burlington N. Santa Fe Ry. Co., 228 F.3d 883, 886 (8th Cir. 2000); but see Magee v. Hamline Univ., 775 F.3d 1057 (8th Cir. 2005) (per curiam). As a result, the Court finds it is in the interest of judicial efficiency to address defendant's alternative argument directed to the merits of plaintiff's claims, and not its res judicata argument.

"Discrimination under . . . the Rehabilitation Act encompasses both disparate treatment because of disability and failure to provide reasonable accommodations to a qualified individual's known disability." Withers v. Johnson, 763 F.3d 998, 1003 (8th Cir. 2014) (citing Hill v. Walker, 737 F.3d 1209, 1216-17 (8th Cir. 2013)). A disparate treatment claim under the Rehabilitation Act requires plaintiff to establish: (1) he is disabled; (2) he is qualified to perform his essential job functions with or without accommodation; and (3) he suffered an adverse action due to his disability.

7

Buboltz v. Residential Advantages, Inc., 523 F.3d 864, 868 (8th Cir. 2008). In reasonable accommodation cases, an employer violates the Rehabilitation Act if it does not make reasonable accommodation to the known physical limitations of an otherwise qualified employee with a disability, unless the entity can demonstrate that an accommodation would impose an undue hardship on the operation of its business. Peebles v. Potter, 354 F.3d 761, 765 (8th Cir. 2004) (quoting 29 C.F.R. § 1630.9(a)). The Eighth Circuit has also recognized a cause of action for retaliation under the Rehabilitation Act, which requires (1) a statutorily protected activity, (2) an adverse action by the employer, and (3) a causal connection between the adverse action and the protected activity. See Hill, 737 F.3d at 1218.

Plaintiff does not state a valid claim under the Rehabilitation Act for disparate treatment, failure to accommodate, or retaliation because defendant did not take any adverse actions against plaintiff and continuously provided plaintiff with reasonable accommodations. The undisputed evidence in this case establishes that plaintiff could not medically perform the essential job functions of a mail carrier position for a full 8-hour day under the restrictions imposed by his own physician; USPS management had legitimate, nondiscriminatory reasons for sending him home early; plaintiff was provided with one to two hours of light duty office work per day as an accommodation; plaintiff did not submit a request for light duty assignments until October 21, 2011, plaintiff never formally requested a reasonable accommodation, and there was no additional work the USPS could have offered to plaintiff that would have conformed to his medical restrictions of no more than two hours sitting, fifteen minutes of standing, and thirty minutes of walking. Thus, plaintiff has not stated a valid claim under the Rehabilitation Act.

*V. Conclusion*

For the foregoing reasons, the defendant's motion for summary judgment will be granted on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that motion for summary judgment filed by defendant Megan Brennan, Postmaster General, United States Postal Service, is **GRANTED**. [Doc. 39].

An appropriate judgment and order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of April, 2019.